**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                              (State)

Case number (*if known*): _____ Chapter __11__

❑ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Nicklaus Companies, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Nicklaus Design<br>Nicklaus Companies<br>Golden Bear<br>Golden Bear Publishing<br>Golden Bear Financial Services |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 0 1 – 0 8 9 5 0 6 3 |

4. **Debtor's address**

**Principal place of business**

3801   PGA Boulevard
Number   Street

Suite 565

Palm Beach Gardens   FL   33410
City        State   ZIP Code

Palm Beach County
County

**Mailing address, if different from principal place of business**

_____
Number      Street

_____
P.O. Box

_____
City        State   ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number      Street

_____

_____
City        State   ZIP Code

5. **Debtor's website** (URL)   https://nicklaus.com/

Debtor    **Nicklaus Companies, LLC**
_____
Name                                    Case number *(if known)*_____

---

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

_5_ _5_ _1_ _1_

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____    When _____    Case number _____
                                            MM / DD / YYYY

            District _____    When _____    Case number _____
                                            MM / DD / YYYY

---

Debtor    <u>Nicklaus Companies, LLC</u>                    Case number *(if known)* _____
       <sub>Name</sub>

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   <u>See Schedule 1</u>     Relationship <u>See Schedule 1</u>

         District <u>Delaware</u>       When _____
                                             <sub>MM / DD / YYYY</sub>

         Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

     **Why does the property need immediate attention?** *(Check all that apply.)*

     ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

         What is the hazard? _____

     ☐ It needs to be physically secured or protected from the weather.

     ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

     ☐ Other _____

     **Where is the property?** _____
                        Number       Street

                        _____

                        City                             State ZIP Code

     **Is the property insured?**

     ☐ No

     ☐ Yes. Insurance agency _____

             Contact name _____

             Phone _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**
(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

Debtor   <u>Nicklaus Companies, LLC</u>
     Name
                                                 Case number (if known)_____

| | | | |
|---|---|---|---|
| **15. Estimated assets**<br>(on a consolidated basis<br>with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities**<br>(on a consolidated basis<br>with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>11/21/2025</u>
               MM / DD / YYYY

✖  <u>/s/ Philip D. Cotton</u>                   <u>Philip D. Cotton</u>
    Signature of authorized representative of debtor         Printed name

Title  <u>Chief Executive Officer</u>

**18. Signature of attorney**

✖  <u>/s/ Zachary I. Shapiro</u>       Date  <u>11/21/2025</u>
   Signature of attorney for debtor                   MM / DD / YYYY

<u>Zachary I. Shapiro</u>          <u>David J. Cohen</u>
Printed Name

<u>Richards, Layton & Finger, P.A.</u>     <u>Weil, Gotshal & Manges LLP</u>
Firm Name

<u>920 North King Street</u>           <u>1395 Brickell Ave., Suite 1200</u>
Address

<u>Wilmington, Delaware 19801</u>     <u>Miami, Florida 33131</u>
City/State/ZIP

<u>(302) 651-7700</u>             <u>(305) 577-3100</u>
Contact Phone

<u>shapiro@rlf.com</u>           <u>davidj.cohen@weil.com</u>
Email Address

<u>5103</u>                         <u>Delaware</u>
Bar number                          State

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  The Debtors will file a motion with the Court requesting their chapter 11 cases be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of GBI Services, LLC.

| COMPANY |
| --- |
| Nicklaus Companies, LLC |
| GBI Services, LLC |
| N1JN-V, LLC |
| Nicklaus Real Estate Licensing, LLC |
| Nicklaus Project Management Services, LLC |
| Nicklaus Advisory, LLC |
| Nicklaus Design, LLC |
| Nicklaus Interactive, LLC |
| Nicklaus Brands, LLC |
| Nicklaus International Brand Management, LLC |
| Jack Nicklaus Golf Club, LLC |
| Nicklaus Golf Equipment Company, L.C. |

# UNANIMOUS WRITTEN CONSENT OF THE
## BOARD OF NICKLAUS COMPANIES, LLC

### November 19, 2025

The undersigned, being all of the members of the board of managers (the "**Board**") of Nicklaus Companies, LLC, a Delaware limited liability company (the "**Company**"), pursuant to the Delaware Limited Liability Company Act and the Operating Agreement of the Company, dated as of May 31, 2007 (the "**LLC Agreement**"), DO HEREBY CONSENT to the adoption of, and DO HEREBY ADOPT, the following resolutions:

Filing Resolutions

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition commencing a chapter 11 case (the "**Chapter 11 Case**") be filed by the Company and each of its subsidiaries listed on Schedule A hereto (the "**Subsidiaries**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firms of Weil, Gotshal & Manges LLP ("**Weil**") and Richards, Layton & Finger, P.A. ("**RL&F**"), as attorneys for the Company and its Subsidiaries in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Alvarez & Marsal North America, LLC ("**A&M**"), to provide the Company and its Subsidiaries with certain financial restructuring and advisory services, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgement of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Cassel Salpeter & Co. ("**Cassel**"), as investment banker for the Company and its Subsidiaries in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Epiq Corporate Restructuring, LLC ("**Epiq**"), as claims and noticing agent and administrative advisor for the Company and its Subsidiaries in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval.

NOW THEREFORE BE IT RESOLVED, that the Company and its Subsidiaries shall be, and hereby (and each of the officers of the Company on behalf of the Company) are, authorized and directed to: (a) file voluntary petitions (the "**Petition**") for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that the Company and each of the officers of the Company (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company to: (a) verify and execute a Petition for the Company, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, such Petition and make or cause to be made, prior to execution thereof, any modifications to such Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness and to enter into debtor-in-possession loan agreements and related documents) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve (the approval of which to be conclusively established by the execution thereof by or at the direction of such Authorized Person); and it be further

RESOLVED, that the Authorized Persons of the Company shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Company: (a) Weil, as attorneys for the Company; (b) RL&F, as attorneys for the Company; (c) A&M, to provide the Company with certain financial restructuring and advisory services; (d) Cassel, to provide the Company with certain investment banking services; (e) Epiq, as claims and noticing agent and administrative advisor for the Company; and (f) such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such person's or persons' judgment may be necessary or desirable in connection with the Chapter 11 Case and other related matters, on such terms as such person or persons shall approve; and it be further

RESOLVED that any of the Authorized Persons and any employees or agents (including counsel) designated by or directed by such person, be, and each hereby is, authorized and empowered to cause the Company and its Subsidiaries to enter into, execute, deliver, certify, file, record, and perform under such documents, and to take such other actions, as in the judgment of such person shall be or become necessary, proper, and desirable to prosecute to a successful completion of the Chapter 11 Case,

to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure, and ownership of the Company consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions.

Special Committee Resolutions

WHEREAS, the Company is exploring transactions and other strategic alternatives to address its outstanding funded indebtedness and capital structure, including, without limitation, a financing, refinancing, loan amendment, equity investment, sale, restructuring, chapter 11 filing, reorganization, recapitalization, and/or other strategic transaction (each such transaction or strategic alternative, a "**Potential Transaction**");

WHEREAS, in connection with a Potential Transaction, the Board may be asked to consider whether any potential claims or causes of action may exist in favor of the Company and/or its affiliates (the "**Company Parties**"), including with respect to current and former members of the Board, current and former members of the applicable governing bodies of the Company Parties, as well as affiliates, equity holders, officers, or other insiders of one or more Company Parties (such potential claims and causes of actions, the "**Specified Matters**");

WHEREAS, pursuant to Section 6.6 of the LLC Agreement, the Board in its sole discretion acting unanimously may delegate all or any of its power and authority to one or more committees;

WHEREAS, the Board previously adopted resolutions (the "**Formation Resolutions**") establishing a special committee of the Board comprised of L. Spencer Wells and Alan J. Carr (the "**Special Committee**") and prescribing the powers and authority applicable to such committee;

WHEREAS, the members of the Board deem it advisable and in the best interests of the Company to modify the power and authority of the Special Committee as initially set forth in the Formation Resolutions.

NOW, THEREFORE, BE IT RESOLVED, that, to the fullest extent permitted by law, the Board hereby delegates to the Special Committee its power and authority to take the following actions, which, from and after the date hereof, shall supersede in its entirety the power and authority set forth in the Formation Resolutions:

Potential Transactions

1.     Consider and evaluate all Potential Transactions;

2.     Consider, evaluate, and negotiate any proposal made in respect of, and any terms and conditions with respect to, a Potential Transaction, including definitive agreements in connection therewith (and direct and

oversee management and the advisors in connection with the foregoing);

3.      Authorize the Company to continue or to terminate discussions with potential counterparties and the Company's stakeholders regarding a Potential Transaction;

4.      Approve and authorize or reject the Company's entry into and consummation of any agreement, contract, or other arrangement with respect to a Potential Transaction and cause and direct the Company's Subsidiaries to approve, authorize, execute, and consummate a Potential Transaction;

5.      Oversee the implementation and execution of a Potential Transaction;

6.      Oversee, control, and direct in all respects the chapter 11 cases of the Company and its debtor Subsidiaries, including any and all matters related to, arising from, or in connection therewith;

Specified Matters

7.      Conduct and oversee any investigation of the Specified Matters to evaluate the legal basis of any such claims and/or causes of action;

8.      Review, evaluate, pursue, negotiate, approve and authorize any disposition of any Specified Matters, including prosecute, compromise, settle, exculpate, release, abandon, or otherwise dispose of any such potential claims and/or causes of action;

9.      Oversee and control all matters relating to any attorney-client privilege and attorney work product protection (including with respect to the disclosure or development thereof) relating to the Special Committee's investigation related to the Specified Matters;

Other Matters

10.     Defend lawsuits or other legal proceedings on behalf of the Company;

11.     Respond to any communications, inquiries, or proposals regarding a Potential Transaction or a Specified Matter;

12.     Request and direct (both directly and through its advisors, agents, counsel and designees) any employees of the Company to assist the Special Committee in its review and evaluation of any Potential Transaction and any Specified Matter;

13.     Establish, implement, monitor, and direct procedures for carrying out the purpose of the Special Committee as herein authorized;

14. Authorize the Company's entry into confidentiality agreements relating to activities in carrying out the purpose of the Special Committee as herein authorized;

15. Retain and compensate, and enter into engagement letters with, as the Special Committee deems appropriate, such professionals as are necessary or appropriate to effectuate and carry out the purposes and intent of these resolutions (such determination to be conclusively evidenced by the taking of such action by the Special Committee), in each case, following prior notice to the Board; and

16. Take such other action as the Special Committee deems necessary or desirable to carry out the purpose of the Special Committee as herein authorized; and be it

FURTHER RESOLVED, that the Special Committee shall meet in person or by conference call or other appropriate electronic means of communication, as often as it deems appropriate, or as otherwise requested by any member of the Special Committee, to carry out its responsibilities, a quorum of the Special Committee shall require the presence of all of the then current members of the Special Committee, and any action by the Special Committee shall require the vote of all of the then current members of the Special Committee; and be it

FURTHER RESOLVED, that the Board shall receive updates from the Company's advisors and the Special Committee to the extent feasible; provided that the Special Committee shall not report to the Board on (and the Board shall not receive any information relating to) any matter that (i) involves Conflict Matters (as defined in the Formation Resolutions), (ii) is subject to the Special Committee's attorney-client privilege (the "**Excluded Matters**"), or (iii) involves Specified Matters; provided, further, that the Excluded Matters shall not include factual updates from the Company's advisors regarding the restructuring process such as, without limitation, reporting in connection with the Company's and its Subsidiaries operational performance and liquidity status, and updates regarding any sale process unless such updates involve a potential conflict of interest with any Board member; and be it

FURTHER RESOLVED, that the Special Committee shall meet separately with respect to all Excluded Matters and Specified Matters, which separate meetings may include discussion of other topics provided that the Special Committee and advisors shall provide regular updates to the Board; and be it

FURTHER RESOLVED, that the officers, employees, attorneys, auditors, agents, and advisors of the Company are directed to cooperate fully with the Special Committee in carrying out the purpose of the Special Committee as herein authorized; and be it

FURTHER RESOLVED, that the Special Committee be, and hereby is, authorized to take all such further action, at the Company's expense, as the Special Committee shall deem necessary, proper, or advisable consistent with the foregoing

resolutions or in order to carry out fully the intent and purposes of the foregoing resolutions.

## General Resolutions

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, consents, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

This Written Consent may be executed in one or more counterparts.

[Signature page follows]

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date first set forth above.

**BOARD OF MANAGERS**

*Barry S. Friedberg*

Name: Barry S. Friedberg

*Anthony R.H. Gerard*

Name: Anthony R.H. Gerard

*John R. Reese*

Name: John R. Reese

*L. Spencer Wells*

Name: L. Spencer Wells

Name: Alan J. Carr

EXHIBIT A
SUBSIDIARIES

1. GBI Services, LLC

2. NIJN-V, LLC

3. Nicklaus Real Estate Licensing, LLC

4. Nicklaus Project Management Services, LLC

5. Nicklaus Advisory, LLC

6. Nicklaus Design, LLC

7. Nicklaus Interactive, LLC

8. Nicklaus Brands, LLC

9. Nicklaus International Brand Management, LLC

10. Jack Nicklaus Golf Club, LLC

11. Nicklaus Golf Equipment Company, L.C.

| Fill in this information to identify the case: |
| --- |
| Debtor Name:    GBI Services, LLC |
| United States Bankruptcy Court for the:      District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | INTEGRATO LLC 1200 N FEDERAL HIGHWAY SUITE 200 BOCA RATON, FL 33432 | CONTACT: ROBERT CINI, CHIEF EXECUTIVE OFFICER PHONE: 954-256-2100 RCINI@INTEGRATOTECH.COM | TRADE PAYABLE | | | | $47,856.83 |
| 2 | FLOW DYNAMICS, LLC 5674 EL CAMINO REAL SUITE A CARLSBAD, CA 92008-7130 | CONTACT: JEFFREY A CHALFIN, CHIEF EXECUTIVE OFFICER PHONE: 909-930-5522 JEFF@THESMARTVALVE.COM | TRADE PAYABLE | | | | $36,045.00 |
| 3 | GOLF HOUSE SPA CAP SOCIALE REG TRIB MILANO N. SEDE VIA GALLARATE MILANO 221-20151 ITALY | CONTACT: PAOLO VITTADINI, CHIEF EXECUTIVE OFFICER PHONE: +39 3756054019 PAOLOV@GOLF-US.COM | TRADE PAYABLE | | | | $35,321.90 |
| 4 | MERIDIAN AIR CHARTER 485 INDUSTRIAL AVE TETERBORO, NJ 07608 | CONTACT: STEVEN A. WALTERS, PRESIDENT AND DIRECTOR OF OPERATIONS PHONE: 434-975-7478 SWALTERS@MERIDIANAIRGROUP.COM | TRADE PAYABLE | | | | $32,939.50 |
| 5 | GENERATIONAL EQUITY 14241 DALLAS PKWY STE 700 DALLAS, TX 75254 | CONTACT: RYAN BINKLEY, PRESIDENT AND CHIEF OPERATING OFFICER PHONE: 877-213-1792 RBINKLEY@GENERATIONAL.COM | TRADE PAYABLE | | | | $20,000.00 |
| 6 | JEFFREY KAO [ADDRESS REDACTED] | PHONE: NUMBER ON FILE EMAIL ON FILE | TRADE PAYABLE | | | | $16,867.92 |

**Debtor:** GBI Services, LLC                                    **Case Number** (if known):  25-xxxx1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | BANK RATE LLC C/O RED VENTURES, LLC 1101 RED VENTURES DRIVE FORT MILL, SC  29707 | CONTACT: MATT FELLOWES, CHIEF EXECUTIVE OFFICER PHONE: 855-733-0700 MFELLOWES@BANKRATE.COM | AMOUNTS DUE TO LANDLORD | | | | $5,288.05 |
| 8 | BRI COBRA LLC BENEFIT RESOURCE INC ATT: ACCOUNTS RECEIVABLE 245 KENNETH DRIVE ROCHESTER, NY  14623 | CONTACT: DAN LASZLO, CHIEF EXECUTIVE OFFICER PHONE: 800-258-7878 DAN.LASZLO@INSPIRARNANCIAL.COM | TRADE PAYABLE | | | | $3,284.16 |
| 9 | LIU YAN QIN [ADDRESS REDACTED] | CONTACT: MARSHA LIU PHONE: NUMBER ON FILE EMAIL ON FILE | TRADE PAYABLE | | | | $3,247.81 |
| 10 | US-TURKMENISTAN BUS COUNCIL C/O THE BUSINESS COUNCILS 900 17TH ST NW SUITE 330 WASHINGTON, DC  20006 | CONTACT: ERIC STEWART, CHIEF EXECUTIVE OFFICER PHONE: 716-471-7009 | TRADE PAYABLE | | | | $3,000.00 |
| 11 | ALFRED JIANGSHEN FAN [ADDRESS REDACTED] | PHONE: NUMBER ON FILE EMAIL ON FILE | TRADE PAYABLE | | | | $2,851.13 |
| 12 | BOXTO INTL LLC 26009 BUDDE ROAD, SUITE C-100 THE WOODLANDS, TX  77380 | CONTACT: FERNANDO MANUEL BLANCO ROJAS, VP GLOBAL SALES AND MARKETING FERNANDO.MANUELBLANCO@BOXTOGOLF.COM | TRADE PAYABLE | | | | $2,613.00 |
| 13 | CISCO SYSTEMS CAPITAL CORP 170 W TASMAN DR SAN JOSE, CA  95134-1706 | CONTACT: DANIEL JUNI, CHIEF FINANCIAL OFFICER DJUNI@CISCO.COM | TRADE PAYABLE | | | | $2,545.63 |
| 14 | F&F VENTURES LLC 135 CROSSWAYS PARK DRIVE SUITE 402 WOODBURY, NY  11797 | CONTACT: CHIEF FINANCIAL OFFICER OR GENERAL COUNSEL PHONE: 212-485-1536 | TRADE PAYABLE | | | | $1,888.38 |
| 15 | VINCENT R NESI [ADDRESS REDACTED] | PHONE: NUMBER ON FILE EMAIL ON FILE | TRADE PAYABLE | | | | $1,888.38 |
| 16 | JOHNSON CONTROLS SEC/TYCO 5757 N. GREEN BAY AVENUE MILWAUKEE, WI  53209 | CONTACT: JOAKIM WEIDEMANIS, CHIEF EXECUTIVE OFFICER JOAKIM.WEIDEMANIS@JCI.COM | TRADE PAYABLE | | | | $1,585.35 |
| 17 | WTORMA | CONTACT: CHIEF FINANCIAL OFFICER OR GENERAL COUNSEL | TRADE PAYABLE | | | | $500.00 |
| 18 | ZOE LARSON [ADDRESS REDACTED] | | TRADE PAYABLE | | | | $416.20 |
| 19 | LINDSAY WEISS C/O KOGAN & DISALVO 3615 BOYNTON BEACH BLVD BOYNTON BEACH, FL  33436 | CONTACT: TIFFANY M. FANELLI, ATTORNEY PHONE: 561-375-9500 TMFANELLI@KOGANINJURYLAW.COM | LITIGATION | C/U/D | | | UNDETERMINED |

**Debtor:** GBI Services, LLC                                                          **Case Number (if known):** 25-xxxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20   PET IQ 230 E RIVERSIDE DR EAGLE, ID 83616 | CONTACT: BILL CARTER, EVP AND GENERAL COUNSEL PHONE: 208-207-9702 BILL.CARTER@PETIQ.COM | LITIGATION | C/U/D | | | UNDETERMINED |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                                         :
In re                                                    :     Chapter 11
                                                         :
GBI SERVICES, LLC, et al.,                               :     Case No. 25–_____ (___)
                                                         :
                    Debtors. ¹                           :     (Joint Administration Requested)
                                                         :
-------------------------------------------------------- x
```

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors (collectively, the "**Debtors**") respectfully represent as follows:

1.       No entity that is a publicly held corporation owns 10% or more of the equity interests of, or is a parent corporation of, Debtor Nicklaus Companies, LLC ("**Nicklaus Companies**").

2.       Other than Debtor Nicklaus International Brand Management, LLC ("**Nicklaus International**"), each of the other Debtors listed in **Exhibit A** is 100% owned by Nicklaus Companies.

3.       Debtor Nicklaus Brands, LLC, a wholly owned subsidiary of Nicklaus Companies, owns 100% of the membership interests of Nicklaus International.

---

¹  The last four digits of GBI Services, LLC's tax identification number are 0771.  A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GBIServices.  The Debtors' mailing address is 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

**Exhibit A**

**Organizational Chart**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                          :
In re                                     :        Chapter 11
                                          :
GBI SERVICES, LLC, et al.,                :        Case No. 25–____  (___)
                                          :
        Debtors.[1]                       :        (Joint Administration Requested)
                                          :
-------------------------------------------------------- x
```

### LIST OF EQUITY HOLDERS

The following is the list of the equity holders of the above-captioned debtors (collectively, the "**Debtors**"), which is prepared in accordance with rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing in the above-captioned chapter 11 cases:

| Debtor | Name and Last Known Address or Place of Business of Holder | Percentage of Interests Held |
|---|---|---|
| Nicklaus Companies, LLC | GBI Investors, Inc. (f/k/a Golden Bear International, Inc.) 12800 US Highway One, Suite 200 Juno Beach, Florida 33408 | 80% (Class A Units)[2] |
| Nicklaus Companies, LLC | NF Dynasty, LLC 12800 US Highway One, Suite 200 Juno Beach, Florida 33408 | 20% (Class A Units) |
| Nicklaus Companies, LLC | Jack W. Nicklaus Address on file | 100% (Class C Unit)[3] |

---

[1] The last four digits of GBI Services, LLC's tax identification number are 0771. A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GBIServices. The Debtors' mailing address is 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

[2] The list of unit holders (each, a "**Unit Holder**") for Nicklaus Companies, LLC ("**Nicklaus Companies**") as set forth in this *List of Equity Holders* is as reflected in the *Amended and Restated Limited Liability Company Agreement of Nicklaus Companies, LLC,* dated as of May 31, 2007, and is included herein solely for informational purposes. The Debtors reserve all rights as to whether any person or entity is a Unit Holder. In particular, the Debtors note that on September 1, 2022, counsel to Golden Bear International, Inc. and NF Dynasty, LLC sent Nicklaus Companies two documents purporting to unilaterally assign the Class A Units held by such entities to Nicklaus Companies effective August 31, 2022 (the "**Purported Equity Assignments**"). Nicklaus Companies rejected the Purported Equity Assignments, and the Debtors reserve all rights in connection therewith.

[3] The Class C Unit does not represent an economic interest in Nicklaus Companies and does not include the right to share in profits or losses of Nicklaus Companies.

| Nicklaus Companies, LLC | PMP Nick LLC (f/k/a Emigrant GB LLC)<br>6 East 43rd St.<br>New York, New York 10017 | 100% (Class D Units)[4] |
|---|---|---|
| Nicklaus International Brand Management, LLC | Nicklaus Brands, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| Nicklaus Brands, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| Nicklaus Interactive, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| Nicklaus Project Management Services, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| Nicklaus Advisory, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| Nicklaus Design, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| Nicklaus Real Estate Licensing, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| GBI Services, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| N1JN-V, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| Jack Nicklaus Golf Club, LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |
| Nicklaus Golf Equipment Company, L.C., LLC | Nicklaus Companies, LLC<br>3801 PGA Boulevard, Suite 565<br>Palm Beach Gardens, FL 33410 | 100% |

---

[4] The Class D Units do not represent an economic interest in Nicklaus Companies and do not include the right to share in profits or losses of Nicklaus Companies.

**Fill in this information to identify the case and this filing:**

Debtor Name  Nicklaus Companies, LLC

United States Bankruptcy Court for the: _____ District of  Delaware
(State)

Case number (*If known*):  _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  List of Equity Holders and Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/21/2025               ✘ */s/ Philip D. Cotton*
          MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                   Philip D. Cotton
                                   Printed name

                                   Chief Executive Officer
                                   Position or relationship to debtor